UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRICE, HENEVELD, COOPER,
DEWITT & LITTON,

                Plaintiff,                Case No. 1:04-CV-561

v.                                        HON. DAVID W. McKEAGUE*

ANNUITY INVESTORS LIFE
INSURANCE COMPANY,

                Defendant.
_____/

**MEMORANDUM OPINION
ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Price, Heneveld, Cooper, DeWitt & Litton ("Price Heneveld"), a Grand Rapids law firm, commenced this action on July 7, 2004, by filing a one-count complaint in the Kent County Circuit Court. Price Heneveld seeks recovery of unpaid attorney fees in the amount of $141,048.95 for legal services rendered to its former client, defendant Annuity Investors Life Insurance Company ("Annuity Investors"). Annuity Investors removed the action to this Court based on the parties' diversity of citizenship. Annuity Investors' answer includes a one-count counterclaim, seeking recovery of damages in the amount of $2,312,697.90 allegedly incurred as a result of Price Heneveld's legal malpractice. Now before the Court is Price Heneveld's motion for partial summary judgment. Price Heneveld contends that the counterclaim is time-barred under Michigan law except "to the extent of the amount established as plaintiff's claim." M.C.L. § 600.5823.

_____

       \* Hon. David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

I

The motion for summary judgment requires the Court to look beyond the pleadings and determine, based on the record presented, including deposition transcripts, affidavits, admissions on file and other documentary evidence, whether there is a genuine issue of material fact for trial or whether, on the other hand, the evidence is so one-sided that one party must prevail as a matter of law. *Derungs v. Wal-Mart Stores, Inc.*, 374 F.3d 428, 431 (6th Cir. 2004). The Court must review the record in the light most favorable to the nonmoving party, drawing all reasonable factual inferences in the nonmovant's favor. *Terry v. LaGrois*, 354 F.3d 527, 530 (6th Cir. 2004). To withstand a properly supported motion for summary judgment, the nonmovant must present affirmative evidence sufficient to support a reasonable jury finding in its favor. *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004).

Here, the material facts are not disputed. The motion for summary judgment poses essentially a legal question committed to the Court: whether Annuity Investors is entitled to equitable relief from the operation of the statute of limitations. This question is properly resolved by summary judgment. *See Ward v. Rooney-Gandy*, 265 Mich. App. 515, 517 (2005) (noting that in the absence of disputed facts, whether a cause of action is barred by the statute of limitations is a question of law).

II

Price Heneveld formerly represented Annuity Investors in connection with a trademark application and related trademark infringement litigation. When the relationship terminated in February 2002, certain attorney fees undisputedly remained unpaid by Annuity Investors. Annuity Investors balked at paying the outstanding fees because it believed its litigation-related expenses had

been at least partially attributable to bad advice received from Price Heneveld, constituting malpractice. Negotiations aimed at resolving the parties' differences came to an end in March 2002. The understanding reached in the negotiations, the parties agree, is accurately summarized in an e-mail memo authored by Randall Litton of Price Heneveld. The memo indicates that Litton had rejected the last offer made by John Gruber on behalf of Annuity Investors; that Litton had contacted Price Heneveld's malpractice insurance carrier regarding the potential malpractice claim; that Gruber continued to hope the matter would be resolved short of litigation; and that each party promised to advise the other before filing suit on its respective claim.

Now, both parties' claims are before this Court in this litigation. Annuity Investors' malpractice claim is governed by a two-year period of limitations. M.C.L. § 600.5805(6). The claim undeniably accrued no later than March 2002. Because Annuity Investors did not file the claim until September 21, 2004, well over two years after the claim accrued, Price Heneveld now contends the claim is time-barred except to the extent allowed by M.C.L. § 600.5823:

> To the extent of the amount established as plaintiff's claim the periods of limitations prescribed in this chapter do not bar a claim made by way of counterclaim unless the counterclaim was barred at the time the plaintiff's claim accrued.

Hence, Price Heneveld argues that Annuity Investors' potential recovery on its malpractice claim is limited as a matter of law to an amount no greater than the Price Heneveld's eventual recovery on its claim for unpaid attorney fees. In response, Annuity Investors invokes two equitable doctrines, equitable estoppel and equitable tolling, contending Price Heneveld should be precluded, due to its conduct, from asserting the statute of limitations defense.

### III

Under Michigan law, the contours of the doctrine of equitable estoppel are defined as

follows:

> [T]he doctrine of equitable estoppel is a judicially created exception to the general rule that statutes of limitation run without interruption. It is essentially a doctrine of waiver that extends the applicable period for filing a lawsuit by precluding the defendant from raising the statute of limitations as a bar.
> One who seeks to invoke the doctrine generally must establish that there has been (1) a false representation or concealment of material fact, (2) an expectation that the other party will rely on the misconduct, and (3) knowledge of the actual facts on the part of the representing or concealing party. This Court has been reluctant to recognize an estoppel absent intentional *or negligent* conduct designed to induce a plaintiff to refrain from bringing a timely action. .... Negotiations intended to forestall bringing an action have been considered an inducement sufficient to invoke the doctrine, however.

*Cincinnati Ins. Co. v. Citizens Ins. Co.*, 454 Mich. 263, 270 (1997) (emphasis in original; citations omitted).

Annuity Investors does not accuse Price Heneveld of having misrepresented or concealed any material fact. It contends, however, that the parties' negotiations were ended in such a way as to lead Annuity Investors to erroneously believe that the parties' disputes had either been resolved or at worst preserved. Annuity Investors maintains its misunderstanding is attributable to Price Heneveld's intentional misconduct. Specifically, Price Heneveld, knowing that Annuity Investors was not represented by counsel in the negotiations, is alleged to have failed to advise Annuity Investors either of (1) the discrepancy between the periods of limitation governing their respective claims,[1] or (2) the wisdom of retaining independent legal counsel. Through its silence, then, Price Heneveld is said to have deviously lulled Annuity Investors into complacency and inaction until after the two-year period of limitation on its malpractice claim had run. Then, when it was safe,

---

[1] Price Heneveld's claim for recovery of unpaid attorney fees is ostensibly governed by the six-year statute of limitations applicable to claims for recovery of sums due for breach of contract. M.C.L. § 600.5807(8).

4

Price Heneveld instituted its action for unpaid attorney fees.

Silence or inaction *may* form the basis for equitable estoppel, but only where the silent party had a duty to speak or take action. *Conagra, Inc. v. Farmers State Bank*, 237 Mich. App. 109, 141 (1999); *West American Ins. Co. v. Meridian Mutual Ins. Co.*, 230 Mich App. 305, 310 (1998). Here, Price Heneveld's alleged silence undisputedly occurred after the attorney-client relationship between the parties had terminated. There was no fiduciary relationship. In fact, the alleged silence occurred in the course of adversarial negotiations when there can hardly have been any reasonable expectation that Price Heneveld was acting to protect Annuity Investors' interests rather than, or in addition to, its own. Indeed, Annuity Investors has not identified any legal duty that Price Heneveld breached by failing to advise it of the two-year statute of limitations. In the absence of such a duty, Price Heneveld's silence regarding Annuity Investor's rights under the law cannot form the basis for equitable estoppel.

Nor has Annuity Investors adduced any evidence that Price Heneveld's participation in negotiations in March 2002, immediately after the malpractice cause of action accrued, was intended or designed to forestall prosecution of the malpractice claim. Annuity Investors has failed to present affirmative evidence controverting Price Heneveld's contention that it did nothing, whether by way of misrepresentation, concealment or otherwise, to induce Annuity Investors not to timely pursue its legal malpractice claim. The understanding undisputedly reached by Litton and Gruber expressly recognized that each party was contemplating litigation. Each party simply promised to advise the other before actually filing its claim. Subject to that condition, Annuity Investors was free to file suit at any time within the ensuing two-year limitations period. Annuity Investors' ignorance of the law and failure to timely file its claim cannot, under these circumstances, be blamed on Price

Heneveld.

Accordingly, there being no genuine issue as to any material fact, the Court holds as a matter of law that Price Heneveld is not equitably estopped from asserting the statute of limitations defense.

## IV

Secondly, Annuity Investors invokes the doctrine of equitable tolling. Equitable tolling is similar to, but broader than, equitable estoppel. Equitable tolling, like equitable estoppel, may be invoked where a plaintiff has been induced or tricked by a defendant's misconduct into allowing the filing deadline to pass. *Ward v. Rooney-Gandy*, 265 Mich. App. 515, 519-20 (2005). It may also be applied, apart from any misconduct by a defendant, where a plaintiff has been prevented in some extraordinary way from asserting his rights. *Id.* at 520. Equitable tolling will only be applied, however, where the plaintiff has exercised reasonable diligence in investigating and pursuing his claim. *Id.* In any event, the doctrine of equitable tolling is to be "rarely invoked." *Id.*

Here, Annuity Investors is clearly not entitled to equitable tolling. The Court has already determined the record to be devoid of evidence of misconduct in the form of misrepresentation or concealment by Price Heneveld. There is no evidence that Annuity Investors was prevented in any way from timely pursuing its malpractice claim. Nor is there any evidence that Annuity Investors exercised reasonable diligence in pursuing its rights. What is evident is that Annuity Investors failed to timely file its claim simply because of its own mistake of law, *i.e.*, because of its ignorance of the governing statute of limitations. This is clearly not the sort of rare or extraordinary circumstance that warrants equitable relief from the statute of limitations.

## V

Accordingly, Price Heneveld's motion for partial summary judgment will be granted.

Annuity Investors' malpractice claim against Price Heneveld shall be deemed time-barred except to the extent of any recovery of unpaid attorney fees to which Price Heneveld ultimately proves itself to be entitled.  A partial judgment order consistent with this memorandum opinion shall issue forthwith.

DATED: June 16, 2005                                  /s/   David W. McKeague
                                                      DAVID W. McKEAGUE
                                                      UNITED STATES CIRCUIT JUDGE