UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRICE, HENEVELD, COOPER,
DEWITT & LITTON,

                Plaintiff,              Case No. 1:04-CV-561

v.                                    HON. DAVID W. McKEAGUE*

ANNUITY INVESTORS LIFE
INSURANCE COMPANY,

                Defendant.
_____/

**MEMORANDUM OPINION AND ORDER
DENYING CERTIFICATION FOR IMMEDIATE APPEAL**

On June 16, 2005, the Court issued a memorandum opinion and partial judgment order granting the motion of plaintiff Price, Heneveld, Cooper, Dewitt & Litton for partial summary judgment on defendant Annuity Investors Life Insurance Company's counterclaim. The Court ruled that Annuity Investors' counterclaim was, to a large extent, time-barred under Michigan law. In so ruling, the Court rejected Annuity Investors' attempts to invoke the doctrines of equitable estoppel and equitable tolling. Now before the Court is Annuity Investors' motion under 28 U.S.C. § 1292(b) to certify the partial summary judgment ruling as suitable for immediate appeal.

Section 1292(b) certification is appropriate if the partial summary judgment ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion" and an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C.

---

\* Hon. David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

§ 1292(b); *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). Immediate appeal of interlocutory orders is to be "granted sparingly and only in exceptional cases." *Id.* at 350.

## I

As to the first element, defendant Annuity Investors contends the applicability of equitable estoppel poses a question of law. The Court agrees, assuming the material facts are not disputed. *See* Memorandum Opinion, June 16, 2005, p. 2. The question is hardly "controlling," however, as its resolution simply defines the scope of Annuity Investors' potential recovery in damages. *See Haworth, Inc. v. Herman Miller, Inc.*, 895 F.Supp. 185, 189 (W.D. Mich. 1994) (question of laches, relating solely to damages, held not to be controlling question).

## II

Neither is the Court persuaded that there is substantial ground for difference of opinion on the applicability of equitable estoppel. Annuity Investors maintains that the parties' March 2002 agreement to consult each other before instituting litigation "was nothing more than an artifice knowingly employed by Price Heneveld in a deceitful fashion to achieve its end." Brief in Support of Motion, p. 6. This argument is fully and fairly addressed in the Court's June 16, 2005 Memorandum Opinion. One point raised in the present motion, however, bears clarification.

Annuity Investors argues there is a factual dispute that should have precluded a ruling on the applicability of equitable estoppel as a matter of law. Annuity Investors takes issue with the Court's characterization that it was undisputed that the parties' attorney-client relationship had terminated before they entered into the March 2002 agreement. If the attorney-client relationship was intact, Annuity Investors argues, then Price Heneveld had a duty either to advise it of the two-year period of limitation governing its potential legal malpractice claim or to advise it to seek independent

2

counsel. Annuity Investors maintains that Price Heneveld's silence, in breach of this duty, represents the sort of misconduct that warrants equitable estoppel relief.

Annuity Investors cites statements appearing in affidavits of its Vice President John P. Gruber and its Senior Corporate Counsel William T. Gaynor, Jr., reciting their belief that the attorney-client relationship had not been fully terminated in March 2002. These affidavits were electronically filed, without leave of the Court, on June 13, 2005, two weeks after the briefing on the motion for partial summary judgment had been completed and a mere three days before the Court's ruling issued. The late-filed affidavits, which had not been brought to the Court's attention, were not considered before the Court's ruling issued. Until the affidavits were filed, Price Heneveld's contention that the attorney-client relationship had effectively terminated on February 28, 2002, when it last performed services for Annuity Investors, had not been refuted or even challenged. Hence, the Court correctly concluded, on the record *properly* presented, that the matter was undisputed.

Yet, even if the affidavits had been properly before the Court, they would not have succeeded in creating a genuine issue of material fact. First of all, Gruber's and Gaynor's *belief* that the attorney-client relationship was intact, because no formal action had been taken to terminate it, has little probative weight. Under Michigan law, a formal discharge is not necessarily required to terminate an attorney-client relationship. *Chapman v. Sullivan*, 161 Mich. App. 558, 560-62 (1987). The relationship may also terminate upon completion of specific legal services that the lawyer was retained to perform. *Estate of Mitchell v. Dougherty*, 249 Mich. App. 668, 683 n. 6 (2002); *Maddox v. Burlingame*, 205 Mich. App. 446, 450 (1994). Annuity Investors has not disputed Price Heneveld's showing that it completed the legal services it was hired to perform on February 28,

2002. Hence, on the present record, it appears the attorney-client relationship had in fact, under Michigan law, terminated on February 28, 2002, notwithstanding Gruber's and Gaynor's subjective belief to the contrary. It follows that their affidavits represent nothing more than a mere scintilla of evidence, insufficient to create a genuine issue of material fact, and would not have altered the Court's original ruling even if they had been properly presented to the Court.

Further, given that the attorney-client relationship had terminated on February 28, 2002, the parties' subsequent negotiations concerning outstanding fees and the potential malpractice claim cannot be deemed to have renewed or reactivated the relationship. *See Maddox*, 205 Mich. App. at 451 (call from disgruntled former client to his former lawyer accusing him of malpractice, held not to constitute continuation of prior representation); *Bauer v. Houston*, 235 Mich. App. 536, 539 (1999) (recognizing important distinction between ongoing attorney-client relationship and remedial effort concerning past representation). Nor can the Court accept as reasonable Annuity Investors' supposed expectation that Price Heneveld owed it a fiduciary duty to furnish legal advice concerning its potential malpractice claim against Price Heneveld. *See Berry v. Zisman*, 70 Mich. App. 376, 380 (1976) (recognizing that charge of legal practice is humiliating to attorney and "must result in the destruction of all faith" between attorney and client, rendering cooperation impossible).

Accordingly, the Court remains unpersuaded that Annuity Investors has demonstrated the existence of "substantial ground for difference of opinion" on the applicability of equitable estoppel.

### III

Neither has Annuity Investors persuaded the Court that immediate review of the partial summary judgment ruling would materially advance the ultimate disposition of the litigation. Simply saying so is insufficient to demonstrate that this is one of the "exceptional cases" in which

4

immediate appeal is appropriate. After all, the Court's ruling merely limits Annuity Investors' potential recovery in damages. Otherwise, the scope and conduct of trial in this matter should not be affected. Where, as here, the litigation will be conducted in substantially the same manner irrespective of the Court's ruling, immediate appeal cannot be said to materially advance the ultimate termination of the litigation. *City of Memphis*, 293 F.3d at 351.

## IV

For all the foregoing reasons, Annuity Investors' motion to certify the partial summary judgment ruling for immediate appeal must be and is hereby **DENIED.**

**IT IS SO ORDERED.**


Dated: August 11, 2005                             /s/ David W. McKeague
                                                   HON. DAVID W. McKEAGUE
                                                   UNITED STATES CIRCUIT JUDGE