**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PRICE, HENEVELD, COOPER DEWITT &
LITTON,

       Plaintiff/Counter-Defendant,

                                  Case No. 04-CV-0561

v.

ANNUITY INVESTORS LIFE INSURANCE
COMPANY,

       Defendant/Counter-Plaintiff.

_____/

**ORDER DENYING PLAINTIFF'S "MOTION FOR SUMMARY JUDGMENT
REGARDING CLAIM ON ACCOUNT STATED"**

Pending before the court is Plaintiff Price, Heneveld, Cooper, DeWitt & Litton's

("Price Heneveld's") "Motion for Summary Judgment Regarding Claim on Account

Stated." Having reviewed the motion, the court concludes that a hearing is

unnecessary. W.D. Mich. LR 7.2(d). For the reasons stated below, the court will deny

Plaintiff's motion.

**I. BACKGROUND**

On July 7, 2004, Plaintiff filed a "Complaint for Account Stated" in Kent County

Circuit Court. Defendant removed the case to this court on August 18, 2004. In its

complaint, Plaintiff asserted that it "provided legal services on behalf of Defendant in

Kent County, Michigan, and billed Defendant for same." (Compl. at ¶ 4.) Plaintiff

complains that "Defendant's last payment [to Plaintiff] was made in January of 2002, in

the amount of $80,034.42, leaving a balance due and owing of $141,048.95." (*Id.* at ¶

6.)  On August 1, 2005, Plaintiff filed its "Motion for Summary Judgment" that is presently pending before the court.

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  The existence of some factual dispute, however, does not defeat a properly supported motion for summary judgment; the disputed factual issue must be material.  *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'").  A fact is "material" for purposes of summary judgment when proof of that fact would have the effect of establishing or refuting an essential element of the claim or a defense advanced by either party.  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences from the admissible evidence presented in a manner most favorable to the nonmoving party.  *Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004) ("[W]e must determine 'not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed.'")  The court does not weigh the evidence to determine the truth of the matter, but must determine if the evidence produced creates a genuine issue for trial.  *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

### III.  DISCUSSION

In its motion, Plaintiff argues that it is has established an account stated in the amount of $141,048.95 as Defendant "has never objected to any of the invoices sent by Plaintiff."  (Pl.'s Mot. at 4.)  On the other hand, Defendant Annuity Investors Life Insurance Company ("Annuity Investors") argues that it "has objected to, and denied the validity of, Price Heneveld's purported account on *numerous* occasions."  (Def.'s Resp. at 5 (emphasis supplied).)

> The conversion of an open account into an account stated, is an operation by which the parties *assent* to a sum as the correct balance due from one to the other; and whether this operation has been performed or not, in any instance, must depend upon the facts.  That it has taken place, may appear by evidence of an express understanding, or of words and acts, and the necessary and proper inferences from them.  When accomplished, it does not necessarily exclude all inquiry into the rectitude of the account.

*Kaunitz v. Wheeler,* 73 N.W.2d 263, 265 (Mich. 1955) (emphasis supplied) (internal citation omitted).  "An account stated means a balance struck between the parties on a

3

settlement; and, where a plaintiff is able to show that the mutual dealings which have

occurred between two parties have been adjusted, settled, and a balance struck, the

law implies a promise to pay that balance." *Watkins v. Ford*, 37 N.W. 300, 302 (Mich.

1888).  The issue before the court, therefore, is whether a "balance" was struck

between the parties.  *Id.*

In support of Defendant's contention that it objected to Plaintiff's fees, Defendant

presents John P. Gruber's affidavit.  In his affidavit, Mr. Gruber states that "[s]hortly

after settlement of litigation commenced . . . [he] informed [Mr. James] Mitchell [of Price

Heneveld] that [Defendant] felt that Price had been handsomely rewarded for their fees

and costs incurred to date in defending the litigation . . . and that . . . Mitchell's own legal

malpractice was the sole reason that [Defendant] was required to incur such attorney

fees, as well as the cost of settlement and other associated costs.  Mitchell disagreed

with [Defendant's] assessment."  (Gruber Aff. at ¶ 3.)  Defendant has also presented a

April 5, 2005 letter written by William Gaynor of Annuity Investors in which he stated

that "[t]he charges reflected in the above-captioned statement/invoice have been

continuously disputed by [Defendant] for approximately the past three years. . . . [I]n

light of our dispute, it is requested that you do not send us similar/invoices in the future."

(Def.'s Resp. at Ex. 2.)

Plaintiff maintains, however, that these objections have "never involved any claim

regarding the legal services that are the focus of this collection action, which were

performed by Price Heneveld in 2002. . . .  Defendant has *never* asserted (by way of

objection) that Plaintiff did not perform the invoiced work at a rate consistent with the

parties' agreement and/or that the invoiced work was performed at a substandard

manner."  (Pl.'s Reply at 5 (emphasis supplied).)

At the summary judgment stage, the court must review all evidence in a light

most favorable to the non-moving party.  *Dunigan,* 390 F.3d at 492.  Based on the

evidence presented, a reasonable jury could find that Defendant objected to the account

Plaintiff presented or at least that Defendant communicated to Plaintiff that Plaintiff

billed it at an improper rate (since Plaintiff allegedly caused the fees to be incurred) or

that it should not have been billed at all for the work that resulted from Plaintiff's

allegedly deficient performance.  For this reason, Plaintiff's motion must be denied.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Summary Judgment" [Dkt. # 53] is

DENIED.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 30, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, December 30, 2005, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\DEM\OpinionsandOrders\DEM\04-0561.PRICEHENEVELD.DenyingSummaryJudgmentMotion.wpd