## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PRICE, HENEVELD, COOPER, DEWITT &
LITTON,

            Plaintiff/Counter-Defendant,

                                Case No. 04-CV-0561

v.

ANNUITY INVESTORS LIFE INSURANCE
COMPANY,

            Defendant/Counter-Plaintiff.

_____/

## ORDER GRANTING DEFENDANT/COUNTER-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING CLAIM ON ACCOUNT STATED

Pending before the court is Defendant/Counter-Plaintiff Annuity Investors Life Insurance Company's ("Annuity Investors's") motion for summary judgment regarding Plaintiff's claim on an account stated.  Having reviewed the motion, the court concludes that a hearing is unnecessary.  W.D. Mich. LR 7.2(d).  For the reasons stated below, the court will grant Defendant's motion.

## I. BACKGROUND

On July 7, 2004, Plaintiff filed a "Complaint for Account Stated" in Kent County Circuit Court.  Defendant removed the case to this court on August 18, 2004.  In its complaint, Plaintiff asserted that it "provided legal services on behalf of Defendant in Kent County, Michigan, and billed Defendant for same."  (Compl. at ¶ 4.)  Plaintiff complains that "Defendant's last payment [to Plaintiff] was made in January of 2002, in the amount of $80,034.42, leaving a balance due and owing of $141,048.95."  (*Id.* at ¶ 6.)  On December 30, 2005, the court denied Plaintiff Price, Heneveld, Cooper, DeWitt

& Litton's ("Price Heneveld's") motion for summary judgment on its account stated

claim.  On December 14, 2005, Defendant filed its own motion for summary judgment

which is presently pending before the court.[1]

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when

there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "Where the moving party has

carried its burden of showing that the pleadings, depositions, answers to interrogatories,

admissions and affidavits in the record construed favorably to the non-moving party, do

not raise a genuine issue of material fact for trial, entry of summary judgment is

appropriate."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex*

*Corp. v. Catrett*, 477 U.S. 317 (1986)).

---

[1]On January 28, 2006, Plaintiff filed a "Motion to File A Sur-Reply Brief In Opposition To Defendant's Motion For Summary Judgment Regarding Account Stated Claim."  In its motion, Plaintiff argues that "[w]hile [it] is Plaintiff's first motion to file a sur-reply brief in this matter, Defendant has twice moved, and twice been allowed, to file sur-reply briefs."  (Pl.'s Mot. at 1.)  The proposed sur-reply that Plaintiff desires to file alleges that Defendant makes the same argument in relation to its summary judgment motion that it did in its response to Plaintiff's motion for summary judgment, and therefore its arguments are not "new."  (Proposed Sur-Reply at 2-3.)  Plaintiff also asserts that Defendant's characterization of Litton's testimony as adding "something new" is false because his testimony related to an affidavit previously submitted by Litton.  (*Id.* at 3.)  Plaintiff also argues that the court has already ruled on the issue currently before the court (through Plaintiff's motion) in its December 30, 2005 order.  (*Id.* at 5.)  In addition, Plaintiff repeats its argument that Defendant's objection was untimely.  (*Id.*)  The court will grant Plaintiff's motion to file a sur-reply, but does not find it persuasive in the court's process of reviewing Defendant's motion.  Plaintiff has offered no case law suggesting that Litton's testimony is not "new" because it refers to an affidavit previously submitted to the court, or what consequences follow from such a conclusion, and its remaining claims are in large part repetitive of the arguments in its response.

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  The existence of some factual dispute, however, does not defeat a properly supported motion for summary judgment; the disputed factual issue must be material.  *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'").  A fact is "material" for purposes of summary judgment when proof of that fact would have the effect of establishing or refuting an essential element of the claim or a defense advanced by either party.  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences from the admissible evidence presented in a manner most favorable to the nonmoving party.  *Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004) ("[W]e must determine 'not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed.'")  The court does not weigh the evidence to determine the truth of the matter, but must determine if the evidence produced creates a genuine issue for trial.  *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

### III.  DISCUSSION

Plaintiff's claim for account stated is dependent upon the argument that Defendant assented to an amount owed for legal services. Plaintiff's theory is that by stating no objection to Plaintiff's periodic invoices or to the amount owed in each, Defendant's action amounted to an assent. The amount could no longer be considered an open account, and became established as an account stated. Plaintiff's argument, Defendant asserts, could not be "further from the truth."  (Def.'s Mot. at 5.)  Defendant points to evidence demonstrating that it did object to Plaintiff's claimed amount of money owed, that no account stated was established, and that Defendant should therefore be granted summary judgment on Plaintiff's claim.

> The conversion of an open account into an account stated, is an operation by which the parties *assent* to a sum as the correct balance due from one to the other; and whether this operation has been performed or not, in any instance, must depend upon the facts.  That it has taken place, may appear by evidence of an express understanding, or of words and acts, and the necessary and proper inferences from them.  When accomplished, it does not necessarily exclude all inquiry into the rectitude of the account.

*Kaunitz v. Wheeler,* 73 N.W.2d 263, 265 (Mich. 1955) (emphasis supplied) (internal citation omitted).  "An account stated means a balance struck between the parties on a settlement; and, where a plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance." *Watkins v. Ford*, 37 N.W. 300, 302 (Mich. 1888).  The issue before the court, therefore, is whether there is any evidence that could, in the light most favorable to Plaintiff, show that an agreement as to a "balance" owed was struck between the parties.  *Id.*

4

Defendant points out that it has "objected to, and denied the validity of, Price Heneveld's purported account on numerous occasions."  (Def.'s Mot. at 5.)  Defendant contends that "[t]he first two such occasions were at the very time when the demand for payment was made."  (*Id*.)  Defendant asserts that "[a]t that time, Mr. Gruber spoke with Mitchell[2] and Litton[3] of Price Heneveld and made it very clear through express statements that Annuity Investors owed no further money for attorneys fees . . . and that it was the malpractice of Price Heneveld that led to and resulted in . . . the incurring of the significant attorney fees already paid."  (*Id*.)  Defendant also points to Mitchell's affidavit, in which he made the representation that "Mr. Gruber, for Annuity Investors, demanded that, at least in part, the fees already paid should be returned to Annuity Investors by Price Heneveld."  (Def.'s Mot. at 6; Mitchell Aff. at ¶16.)  Defendant also argues that it "further objected to Price Heneveld's claimed account when it filed Mr. Gruber's affidavit (attesting to his conversations with Mitchell and Litton) with its answer and counterclaim to Price Heneveld's complaint."  (Def.'s Mot. at 6.)  Defendant asserts that it "made yet another objection to Price Heneveld's purported account on April 5, 2005 when William T. Gaynor, Jr., Senior Corporate Counsel of Annuity Investors, sent a letter to Price Heneveld objecting to the continual mailing of monthly statements . . . to Annuity Investors and . . . noting that Annuity Investors has continuously disputed Price Heneveld's purported account during the past three years."  (*Id*. at 6-7 & Ex. 3, 4/5/05 Letter from William T. Gaynor to Price Heneveld).)  Defendant argues that "[t]hese

---

[2]Mr. James Mitchell is an "attorney and partner with Price Heneveld."  (Mitchell Aff. at ¶2.)

[3] Mr. Randall Litton is an attorney at Price Heneveld.  (Litton Dep. at 6-7.)

objections, in addition to the demand for the return of the fees already paid, are enough to defeat the claim of Price Heneveld." (*Id.* at 6.)

In response, Plaintiff argues that, because the "[c]ourt denied [its] summary judgment motion" finding that "a reasonable jury could possibly conclude that Defendant's allegation of malpractice constitutes an objection to the account," the "conclusion equally applies in the converse: that a reasonable jury might not so conclude." (Pl.s' Resp. at 8.) Plaintiff also asserts that "[e]ven if the jury were to somehow conclude that Defendant's allegation of malpractice constitutes an objection to the account, judgment must still enter in favor of Price Heneveld on its claim because the proclaimed objection was, under any standard, untimely." (*Id.* at 9.)

In its reply, Defendant points to Randall Litton's testimony in which Litton made statements such as "I just knew that they were dissatisfied" and "the first time when I talked to [Annuity Investors]. . . . I believe I was advised how much money they wanted [back from Price Heneveld]. . . . [a]nd invited to make a counteroffer." (Litton Dep. at 15-17.) Defendant identifies other portions of Litton's deposition where he stated that Defendant expressed to him that they believed that Plaintiff had committed malpractice and that they wanted money. (*Id.* at 18-19.) Litton also acknowledged that he implied in his conversation with Defendant that "if the bill wasn't paid [Plaintiff was] going to sue them." (*Id.* at 20.)

Based on the evidence presented, and viewing that evidence in a light most favorable to Plaintiff, a reasonable jury could conclude only that as of the time of its rejection of the continuation of the billings in early 2002 and its accusation of malpractice, Defendant did not assent to Plaintiff's claim for the whole of the monies

6

owed, To be able to see Defendant's accusation of legal malpractice as an objection to

an amount owed does not require the kind of imagination or inventiveness implied by

Plaintiff in its characterization of Defendant's argument, i.e., that a jury would have to

"*somehow* conclude" that such an allegation "constitutes an objection." (Pl.s' Resp. at 9)

(emphasis added.)  Indeed, in its response Plaintiff does not identify any evidence that a

reasonable jury could review and ultimately determine that Defendant did not object to

Plaintiff's demand for payment.  The undisputed evidence presented leads the court to

hold that a reasonable jury not only *could* conclude (or "somehow" conclude) that

Defendant "objected" to Plaintiff's claimed amount, but that such is the only conclusion

to be reached.  Defendant's claim of malpractice and consequent simultaneous refusal

to pay any further monies owed cannot reasonably be interpreted as anything other

than an objection.  If a refusal to pay an amount requested is not an "objection," few

things are.[4]

Plaintiff argues unconvincingly that merely because the court denied its motion it

must also deny Defendant's.  In its December 30, 2005 order, however, the court did no

more than to reject the argument that a reasonable jury *must* find in favor of Plaintiff,

noting that evidence existed upon which a jury "could" find for Defendant.  No matter the

phrasing of its determination, the court's conclusion then is not logically inconsistent

with its determination now that the balance of the evidence, if examined in a properly-

_____

[4] A case from another jurisdiction is instructive. In *W.R. Haughton Training
Stables, Inc. v. Miriam Farms, Inc.*, 499 N.Y.S.2d 792 (2d. Dep't 1986), the defendant
sent three of its horses to the plaintiff to be trained, and one of its horses was injured.
The *W.R. Haughton* court held that the defendant's refusal to pay the plaintiff's billed
charges coupled with its assertion that the plaintiff negligently cared for the horses
destroyed the plaintiff's claim for an account stated.

briefed motion, requires a judgment for Defendant.  If Plaintiff's argument in this regard
were accepted, in every instance that a court denied one party's summary judgment
motion, then it would necessarily deny the other party's cross-motion for summary
judgment.  Plaintiff's argument fails to distinguish between proof that is minimally
necessary and proof that is fully sufficient; it is neither consistent with logic nor a
reasonable interpretation of Federal Rule of Civil Procedure 56.

     Plaintiff's argument that Defendant acceded to the bill and that any objection was
too late relies chiefly upon *Leonard Refineries, Inc. v. Gregory*, 295 N.W. 215 (Mich.
1940).  "Defendant admittedly paid approximately 40 to 41 monthly invoices" over a
period of 3.5 years, and its objection was therefore untimely.[5]  (Pl.'s Resp. at 9.)  But
*Leonard Refineries* does not support Plaintiff's proposed conclusion.  First, Plaintiff
ignores the obvious factual distinctions between the instant legal *services* case and
*Leonard*, a suit to recover payment for a certain quantities of *goods*:

> Plaintiff claims there was a delivery and acceptance of the goods and that the
> account stated controls the issue, relying upon sections 44, 47 and 48 of the
> Uniform Sales Act, 2 Comp. Laws 1929, § 9483 et seq. (Stat. Ann. § 19.284 et
> seq.).  Section 44 provides that where the seller delivers a quantity of goods less
> than contracted for and the buyer accepts or retains them, knowing that the seller
> is not going to perform the contract in full, the buyer must pay for them at the
> contract rate.

*Leonard Refineries*, 295 Mich. at 216.

     Here, Plaintiff's invoices were submitted on a monthly basis for legal work done
during the preceding time period.  Even though no "quantity of goods" changed hands, if

---

[5]In its complaint, Plaintiff asserts that "[a]lthough Defendant has satisfied many of
Plaintiff's invoices for work provided on account, Defendant failed to make payment on
other invoices.  Defendant's last payment on account was made in January of 2002, in
the amount of $80,034.42, leaving a balance owing of $141,048.95."  (Compl. at ¶6.)

*Leonard* were extended by analogy from fungible goods such as oil, measured in gallons, to qualitatively questionable legal services, measured in hours, there was never a dispute by Defendant that the number of hours claimed to have been expended by Plaintiff were not "delivered" as stated in the invoices.  Defendant's argument with Plaintiff was not the *quantity* of services delivered, but the *quality*.

In *Leonard,* the Michigan Supreme Court stated that a "failure of a debtor to object within a reasonable time to monthly statements rendered amounts to an admission of the correctness of the account." The court, however, went on to specifically caution that "the rendition of statements at intervals will not constitute an account stated where the debtor repeatedly made claims of mistake.  Whether the debtor failed to make objection to the statement of account rendered by plaintiff within a reasonable time is a question of fact to be submitted to the jury under the circumstances of the case."  *Leonard,* 295 Mich. at 217 (internal citations omitted).  The court held that a "reasonable" time is "such time as within which an ordinarily careful [and prudent] man would act.  What is a reasonable time in one instance may not be a reasonable time in another; or *what is a reasonable time in one business would not be a reasonable time in another.*"  *Id.* (emphasis added) (internal citations omitted).

The measure of a time that could be deemed "reasonable" for a vendee to object to the quantities of gasoline and oil delivered in 1937, under the *Leonard* analysis, extended to one year or more.  If that time might reasonably be needed to determine the accuracy of the measure of gallons of oil, no less time should be accorded to a vendee of sophisticated legal services to determine that the service provided was not competent.  Defendant acknowledges that it "did not object to [Plaintiff's] billings until

the end of the Clark Capital litigation," (Def.'s Reply at 5), but that fact does not in itself negate Defendant's claim that it objected timely to paying any more, because Michigan recognizes that discovery governs the timeliness of a legal malpractice claim.  A legal malpractice claim "must be brought within two years of the date the attorney discontinues serving the client, or within six months after the plaintiff *discovers or should have discovered* the existence of the claim, whichever is later."  *Maddox v. Burlingame*, 517 N.W.2d 816, 818, (Mich. Ct. App. 1994) (citing M.C.L. § 600.5805; M.C.L. § 600.5838 (emphasis added); *Hooper v. Hill Lewis*, 477 N.W.2d 114 (Mich. Ct. App. 1991); *Gebhardt v. O'Rourke*, 510 N.W.2d 900 (Mich. 1994)).  The *Maddox* court also held that "[a] lawyer discontinues serving a client when relieved of the obligation by the client or the court, *Stroud v. Ward*, 425 N.W.2d 490 (1988), or upon completion of a specific legal service that the lawyer was retained to perform, *Chapman v. Sullivan*, 411 N.W.2d 754 (1987)."  *Id*.

It is clear that a reasonable time is allowed for a party to make an independent analysis of litigation in which it was involved in order to determine if it desires to pursue allegations of legal malpractice, even time after the litigation has been concluded.  The party may determine that it ought to be required to pay less than that contracted for or ought to demand monies back in the form of a refund based on its perception of its attorney's performance.  Here, there is no factual dispute that Defendant's objection to further bills for legal services coincided with its claimed discovery of legal malpractice.  There is no allegation by Plaintiff that Defendant actually discovered or should have discovered the alleged malpractice earlier, and thus should have on that basis objected sooner to Plaintiff's invoices for ongoing services.

10

There is no material factual dispute to be submitted to a jury to determine either 1) whether Defendant voiced an objection to the account, thus preventing an imputation of assent to an "account stated," or 2) whether the Defendant's objection to Plaintiff's invoices was timely in light of Defendant's claimed discovery of Plaintiff's legal malpractice. Plaintiff's "account stated" claim, which is dependant on such a material factual dispute on one or both of these points, fails.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's motion for summary judgment [Dkt. #92] is GRANTED.

IT IS ALSO ORDERED that Plaintiff's "Motion to File a Sur-Reply Brief In Opposition to Defendant's Motion for Summary Judgment Regarding Account Stated Claim" [Dkt. #103] is GRANTED.

      S/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  March 17, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 17, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
     Case Manager and Deputy Clerk
     (313) 234-5522